Emigrant Bank v Estate of Maurice Robinson (2022 NY Slip Op 00848)





Emigrant Bank v Estate of Maurice Robinson


2022 NY Slip Op 00848


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
SHERI S. ROMAN
DEBORAH A. DOWLING, JJ.


2018-13571
 (Index No. 24625/12)

[*1]Emigrant Bank, respondent, 
v
Estate of Maurice Robinson, et al., appellants, et al., defendants.


C. Steve Okenwa, P.C., New York, NY, for appellants.
Borchert & Laspina, P.C., Whitestone, NY (Jason Sackoor of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendants Estate of Maurice Robinson, Ricardo Robinson, and Premier Real Estate Co., LLC, appeal from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated June 12, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference, and denied those defendants' cross motion for summary judgment on their counterclaim alleging a violation of Real Property Law § 274-a.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 6, 2007, Maurice Robinson (hereinafter the decedent) executed a note in favor of the plaintiff's predecessor in interest in the sum of $270,000, which was secured by a mortgage encumbering certain real property owned by the decedent. The decedent died on September 3, 2007. The defendant Ricardo Robinson was appointed as the administrator of the decedent's estate. An assignment of mortgage in favor of the plaintiff was executed on December 11, 2009, and an allonge to the note was endorsed to the plaintiff. On February 2, 2012, Ricardo Robinson deeded the property to the defendant Premier Real Estate Co., LLC.
On December 31, 2012, the plaintiff, as the alleged holder of the note and mortgage, commenced this action, inter alia, to foreclose the mortgage against, among others, the decedent's estate, Ricardo Robinson, as the administrator of the estate, and Premier Real Estate Co., LLC (hereinafter collectively the defendants). The plaintiff then filed an amended summons and complaint dated January 16, 2013. The defendants filed an answer asserting, inter alia, an affirmative defense of lack of standing and a counterclaim alleging a violation of Real Property Law § 274-a.
Thereafter, the plaintiff moved, among other things, for summary judgment on the amended complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the plaintiff's motion, and cross-moved for summary judgment on their counterclaim alleging a violation of Real Property Law § 274-a. The Supreme Court granted the plaintiff's motion and denied the defendants' cross motion, and the defendants [*2]appeal.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Finger, 195 AD3d 789, 791). Where, as here, a defendant places the plaintiff's standing in issue, "the plaintiff must prove its standing in order to be entitled to relief" (Deutsche Bank Natl. Trust Co. v Smartenko, 199 AD3d 643, 644 [internal quotation marks omitted]). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it was either the holder or assignee of the underlying note at the time the action was commenced" (id. at 644 [internal quotation marks omitted]).
Here, the plaintiff established, prima facie, that it had standing to commence the action by demonstrating that it was in physical possession of the note, endorsed in blank, which was annexed to the complaint, at the time the action was commenced (see Deutsche Bank Natl. Trust Co. v Finger, 195 AD3d at 791). The plaintiff also established its prima facie entitlement to judgment as a matter of law by submitting copies of the mortgage, the unpaid note, and evidence of default on the loan (see id.). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.
Contrary to the defendants' contention, they failed to meet their prima facie burden of establishing their entitlement to judgment as a matter of law on their counterclaim alleging that the plaintiff violated Real Property Law § 274-a by failing to deliver to them a payoff statement. Although the defendants produced a copy of a demand letter dated December 22, 2016, which was allegedly sent by the defendants' attorney to the plaintiff's counsel in this action, this evidence failed to establish, prima facie, that the defendants made a written demand for a payoff statement by registered or certified mail upon the plaintiff (see Real Property Law § 274-a[1]).
Additionally, the defendants failed to establish, prima facie, that the real property in question is "owner-occupied" (see Real Property Law § 274-a[2]). Although this issue was not raised in the Supreme Court, it is properly reviewable as an issue of law apparent on the face of the record which could not have been avoided if raised at the proper juncture (see e.g. Lewis v Holliman, 176 AD3d 1048).
The defendants' remaining contentions are without merit.
CONNOLLY, J.P., HINDS-RADIX, ROMAN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court