HSBC Mtge. Corp. USA v Tehrani (2024 NY Slip Op 04064)

HSBC Mtge. Corp. USA v Tehrani

2024 NY Slip Op 04064

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2019-04790 
2019-12289
2020-02757
 (Index No. 15816/10)

[*1]HSBC Mortgage Corporation USA, plaintiff,
v
Saeid Tehrani, appellant, et al., defendants; Ariel Bronxville, LLC, nonparty-respondent. (Appeal Nos. 1 and 2)
U.S. Bank Trust National Association, etc., plaintiff,
v
Saeid Tehrani, appellant, Shahla Tehrani, etc., et al., defendants; Ariel Bronxville, LLC, nonparty-respondent. (Appeal No. 3) 

PM Law P.C., New York, NY (Pankaj Malik of counsel), for appellant.
Zeichner Ellman & Krause LLP, New York, NY (Philip S. Rosen and Nicholas A. Savino of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Saeid Tehrani appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered January 25, 2019, (2) an order of the same court entered August 19, 2019, and (3) an order and judgment of foreclosure and sale (one paper) of the same court entered January 23, 2020. The order entered January 25, 2019, denied that defendant's motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him. The order entered August 19, 2019, insofar as appealed from, granted those branches of the motion of HSBC Mortgage Corporation USA which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, denied that defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against him, and appointed a referee to compute the amount due on the note. The order and judgment of foreclosure and sale, insofar as appealed from, granted those branches of the motion of HSBC Mortgage Corporation USA which were to confirm the referee's report and for a judgment of foreclosure and sale, denied that defendant's cross-motion for leave to renew and reargue his opposition to those branches of the prior motion of HSBC Mortgage Corporation USA which were for summary judgment on the complaint insofar as asserted against him and his prior cross-motion for summary judgment dismissing the complaint insofar as asserted against him, confirmed the referee's report, and directed the sale of the subject premises.
ORDERED that the appeals from the orders entered January 25, 2019, and August 19, 2019, are dismissed; and it is further,
ORDERED that the appeal from so much of the order and judgment of foreclosure and sale as denied that branch of the cross-motion of the defendant Saeid Tehrani which was for leave to reargue his opposition to those branches of the prior motion of HSBC Mortgage Corporation USA which were for summary judgment on the complaint insofar as asserted against him and his prior cross-motion for summary judgment dismissing the complaint insofar as asserted against him is dismissed, as no appeal lies from an order denying reargument (see Tarlo v 270 Fifth St. Corp., 201 AD3d 837, 838); and it is further,
ORDERED that the order and judgment of foreclosure and sale is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of HSBC Mortgage Corporation USA which were to confirm the referee's report and for a judgment of foreclosure and sale, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof confirming the referee's report and directing the sale of the subject premises, and substituting therefor a provision rejecting the referee's report; as so modified, the order and judgment of foreclosure and sale is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new report computing the amount due on the note, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see id).
In 2008, the defendant Saeid Tehrani (hereinafter the defendant) executed a note in the amount of $1,294,500 in favor of HSBC Mortgage Corporation (USA) (hereinafter HSBC 1). The note was secured by a mortgage on certain real property located in Nassau County.
On August 18, 2010, HSBC Mortgage Corporation USA (hereinafter HSBC 2), as successor in interest to HSBC 1's note and mortgage, commenced this action against the defendant and HSBC 1, among others, to foreclose the mortgage. The defendant interposed an answer on September 29, 2010.
On October 15, 2018, the defendant moved pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him on the ground that HSBC 2 had failed to prosecute the action. In an order entered January 25, 2019, the Supreme Court denied the motion.
On April 1, 2019, HSBC 2 moved for, inter alia, summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. On May 30, 2019, the defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that HSBC 2 had failed to comply with RPAPL 1303 and 1304 and with the notice of default provision contained in paragraph 22 of the mortgage agreement. In an order entered August 19, 2019, the Supreme Court, inter alia, granted those branches of HSBC 2's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, denied the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against him, and appointed a referee to compute the amount due on the note.
On October 30, 2019, HSBC 2 moved to confirm the referee's report, for a judgment of foreclosure and sale, and to substitute Ariel Bronxville, LLC (hereinafter Ariel), as the plaintiff. The defendant opposed the motion and cross-moved for leave to renew and reargue his opposition to those branches of HSBC 2's motion which were for summary judgment on the complaint insofar as asserted against him and for an order of reference and his cross-motion for summary judgment dismissing the complaint insofar as asserted against him. In an order and judgment of foreclosure and sale entered January 23, 2020, the Supreme Court, inter alia, granted those branches of HSBC 2's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, [*2]denied the defendant's cross-motion for leave to renew and reargue his opposition to those branches of HSBC 2's motion which were for summary judgment on the complaint insofar as asserted against him and for an order of reference and his cross-motion for summary judgment dismissing the complaint insofar as asserted against him, confirmed the referee's report, and directed the sale of the subject premises. The defendant appeals.
The Supreme Court properly denied the defendant's motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him on the ground that HSBC 2 had failed to prosecute the action. Initially, the plaintiff's contention that this Court should not address this issue because it could have been raised on an earlier appeal, which was dismissed for failure to perfect (see generally Bray v Cox, 38 NY2d 350, 353), is without merit.
CPLR 3216(a) states that "[w]here a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof against any party who may be liable to a separate judgment, or unreasonably fails to serve and file a note of issue, the court, on its own initiative or upon motion, with notice to the parties, may dismiss the party's pleading on terms." However, CPLR 3216 is an "extremely forgiving" statute which "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (Davis v Goodsell, 6 AD3d 382, 383 [internal quotation marks omitted]; see Western Union N. Am. v Chang, 176 AD3d 1138, 1139). Where "the moving party contributed to the delay, a motion to dismiss may be denied without requiring an affidavit of merit" (Matter of Simmons v McSimmons, Inc., 261 AD2d 547, 548; see Lee v Rad, 132 AD3d 643, 644).
Here, the Supreme Court providently exercised its discretion in denying the defendant's motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him, as HSBC 2 submitted evidence establishing that the defendant's multiple bankruptcy filings and the resulting stays contributed to the delay in prosecuting the action, that HSBC 2 had pursued a settlement with the defendant, and that HSBC 2 had evaluated the defendant for participation in a homeowner's assistance program. As such, HSBC 2 demonstrated that it had taken affirmative steps "to continue the prosecution of this action that are inconsistent with an intent to abandon it" (Ramon v Zangari, 116 AD3d 753, 754).
The Supreme Court also properly granted those branches of HSBC 2's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. "[I]n order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default" (Zarabi v Movahedian, 136 AD3d 895, 895; see Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1236). Here, contrary to the defendant's contention, an affidavit of Tonya Martin Del Campo, an asset manager of SN Servicing Corporation (hereinafter SN), was not inadmissible simply because SN was not the servicer for the loan at the time of the defendant's default. Del Campo established a proper foundation for the admission of the records of prior loan servicers by stating that the records of prior loan servicers had been incorporated into SN's records and relied upon by SN in the regular course of business (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209).
Also contrary to the defendant's contention, HSBC 2 established its compliance with RPAPL 1303 and 1304 and the notice of default provision in the mortgage agreement. RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action" (U.S. Bank Trust, N.A. v Mohammed, 197 AD3d 1205, 1207 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v LoPresti, 203 AD3d 883, 884). RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower. "'A plaintiff demonstrates its compliance with the statute by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a [*3]standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Federal Natl. Mtge. Assn. v Raja, 211 AD3d 692, 695, quoting U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759 [internal quotation marks omitted]). The plaintiff also must establish that it complied with any conditions precedent to commencing the action contained in the mortgage agreement in order to establish entitlement to judgment as a matter of law (see U.S. Bank N.A. v Callender, 176 AD3d 1249, 1251). Paragraph 22 of the mortgage agreement states that the lender must send the borrower a notice of default at least 30 days prior to commencing a foreclosure action.
Here, HSBC 2 established that it complied with both RPAPL 1304 and the notice of default provision in the mortgage agreement by submitting an affidavit of Dennis Herman, an assistant vice president of PHH Mortgage Corporation, a prior loan servicer, which was sufficient to establish proof of a standard office procedure designed to ensure that items are properly addressed and mailed (see HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 670).
HSBC 2 also established that it complied with RPAPL 1303. "Proper service of an RPAPL 1303 notice is a condition precedent to the commencement of a foreclosure action, and noncompliance mandates dismissal of the complaint" (Eastern Sav. Bank, FSB v Tromba, 148 AD3d 675, 676). The foreclosing party bears the burden of establishing compliance with RPAPL 1303 (see OneWest Bank, FSB v Cook, 204 AD3d 1025, 1026). Here, HSBC 2 established that it complied with RPAPL 1303 by submitting an affidavit of a process server, who stated that she had served the RPAPL 1303 notice on the defendant, printed on colored paper (see LNV Corp. v Sofer, 171 AD3d 1033, 1036).
In opposition to those branches of HSBC 2's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference and in support of the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against him, the defendant's mere denial of receipt of all notices was insufficient to raise a triable issue of fact or demonstrate his entitlement to judgment as a matter of law (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see also Deutsche Bank National Trust Co. v Mangi, 222 AD3d 942, 945).
The Supreme Court also properly denied that branch of the defendant's cross-motion which was for leave to renew his opposition to those branches of HSBC 2's motion which were for summary judgment on the complaint insofar as asserted against him and for an order of reference, as the defendant failed to offer new facts or demonstrate a change in the law that would have changed the court's prior determination (see CPLR 2221[e]).
However, the Supreme Court erred in granting those branches of HSBC 2's motion which were to confirm the referee's report and for a judgment of foreclosure and sale. The report of a referee should be confirmed whenever the findings are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility (see Pennymac Corp. v Pryce, 211 AD3d 1029, 1030; Matter of Cincotta, 139 AD3d 1058). Here, the referee's findings with respect to the total amount due on the note were not substantially supported by the record, inasmuch as the referee's findings were premised upon a business record that covered the defendant's payment history beginning only in January 2015, whereas the referee's computation was based on the defendant having defaulted in October 2009 (see Wilmington Sav. Fund Socy., FSB v Mehraban, 192 AD3d 1066; Citimortgage, Inc. v Kidd, 148 AD3d 767, 768-769).
Accordingly, the matter is remitted to the Supreme Court, Nassau County, for a new report computing the amount due on the note, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
LASALLE, P.J., MALTESE, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court