## Ajax Mtge. Loan Trust 2021-B v Thomas

2024 NY Slip Op 33819(U)

October 23, 2024

Supreme Court, Richmond County

Docket Number: Index No. 135021/2023

Judge: Desmond A. Green

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

-------------------------------------------------------------X

AJAX MORTGAGE LOAN TRUST 2021-B, U.S. BANK
NATIONAL ASSOCAITION, AS INDENTURE
TRUSTEE,

                                    Plaintiff,

                    -against-

RAVEN THOMAS; KEVIN FUSEYAMORE; U.S.
BANK NATIONAL ASSOCIATION, AS INDENTURE
TRUSTEE ON BEHALF OF AND WITH RESPECT TO
AJAX MORTTGAGE LOAN TRUST 2016-A
MORTGAGED-BACKED NOTES, SERIES 2016-A;
NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD; NEW YORK CITY PARKING VIOLATIONS
BUREAU; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; "JOHN DOE" AND "JANE
DOE" said names being fictitious, it being the intention of
Plaintiff to designate any and all occupants, of premises
being foreclosed herein,

                                    Defendants.

-------------------------------------------------------------X

Present:
HON. DESMOND A. GREEN

DECISION AND ORDER

Index No. ~~135502//23~~ 135021/2023

Motion No. 001
Motion No. 002

The Court marked the following e-filed documents associated with motion sequence numbers 001 and 002 fully submitted on_____.

E-Filed
Document#:

Plaintiff's Notice of Motion for Summary Judgment, Default Judgment, Appointment of A Referee to Compute, and to Amend the Caption dated January 5, 2024, Statement of Undisputed Material Facts dated January 5, 2024, Affirmation in Support dated January 5, 2024, and Exhibit ............................................... 48-65

1

Defendant Thomas Notice of Cross-Motion for Summary Judgment dated February 27, 20 24; Counterstatement of Material Facts dated February 27, 2024, Affirmation in Opposition to Plaintiff's Motion and in Support of Defendant's Cross- Motion dated February 27, 2024; and Exhibits............................................................................... 69-74

Plaintiff's Affirmation in Reply and in Further Support of Motion for Summary Judgment and in Opposition to Defendant's Cross-Motion dated May 1, 2024, and Exhibits ........................................................ 76-80

Defendant's Affirmation in Reply dated May 7, 2024, and Exhibits ................ 81-84

Upon the forgoing papers, plaintiff's motion for summary judgment is granted and Defendant Thomas's cross motion for summary judgment is denied.

## FACTS

This is an action to foreclose on residential property located at 11 South Avenue, Staten Island, New York 10303. On March 6. 2007 defendants THOMAS and FUSEYAMORE initially executed a note in the principal sum of $339,177.00 agreeing to pay Budget Mortgage Bankers, LTD with interest. On that same date, the defendants executed a mortgage granting Mortgage Electronic Registration Systems (MERS) "as nominee for Budget Mortgage Bankers LTD." a security interest in the premises located at 11 South Avenue, Staten Island, N.Y. 10303.

On February 6, 2009, the defendants executed its first loan modification agreement; a second loan modification agreement was executed on March 22, 2010; a third loan modification agreement was executed on August 21, 2013, and a final and fourth loan modification agreement entered on July 20, 2017. On June 1, 2020, defendants defaulted in failing to pay their monthly installment payment and have failed to do so to present.

The mortgage was assigned from Mortgage Electronic Registration Systems (MERS) as nominee for Budget Mortgage Bankers LTD to CitiMortgage, Inc. on November 30,2012. Thereafter, the undisputed assignments of mortgage were as follows:

CitiMortgage, Inc. thereafter assigned the mortgage to the Secretary of Housing and Urban Development on October 21, 2016.

An assignment dated December 30, 2016, was executed form The Secretary of Housing and Urban Development to Bayview Loan Servicing, LLC.;

Bayview Loan Servicing, LLC by assignment dated September23, 2019 assigned the mortgage to Koitere Dispositions, LLC.;

Koitere Dispositions, LLC. by assignment, endorsed in blank dated September 23, 2019 assigned the mortgage to AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee;

AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee. by Gregory Funding LLC, as Attorney In Fact.by assignment dated May 18, 2021 assigned the mortgage to AJAX MORTGAGE LOAN TRUST 2021-B, U.S. BANK NATIONAL ASSOCAITION, AS INDENTURE TRUSTEE,

## PROCEDURAL HISTORY

On January 11, 2023, plaintiff AJAX MORTGAGE LOAN TRUST 2021-B, U.S. BANK NATIONAL ASSOCAITION, AS INDENTURE TRUSTEE, commenced a foreclosure against defendants by the filing of a summons and complaint electing to declare the entire unpaid principal amount due in the sum of $383, 973.47 plus interest, late charges, and any advances made by the plaintiff. Defendant THOMAS interposed an Answer by counsel, dated February 21, 2023, and filed on February 23, 2023, containing thirty-seven (37) affirmative defenses, including, inter alia, standing, failure to comply with RPAPL§§§ 1303, 1304 and 1306 and improper mailing of the default notice and counterclaims.

Pursuant to CPLR § 3403, conferences were held in this matter but failed to produce a settlement and the matter was released from the Foreclosure Conference Part. On January 5, 2024, plaintiff served a Notice of Motion on all defendants seeking summary judgement against defendant Thomas, striking her Answer, affirmative defenses, and counterclaims; a default

3

[* 3]

judgment against the non-answering defendants, appointment of a Referee to compute and to amend the caption.

Defendant THOMAS, by counsel cross-moved seeking summary judgment pursuant to RPL §421; RPAPL §§§1303, 1304 and 1306; that plaintiff lacks standing, and that plaintiff improperly mailed the default notice.

**LEGAL ANALYSIS**

It is well settled law that the proponent of a summary judgment bears the burden of proof by submitting evidence in admissible form to establish entitlement to judgment as a matter of law. (CPLR 3212[b]; *Alvarez v. Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v. City of New York*, 49 NY2d 557 [1980]; *Viviane Etienne Med. Care, P.C. v. Country-Wide Ins. Co.*, 25 NY3d 507 [2015]). Once a prima-facie showing is made, the burden of proof shifts to the party opposing the motion to demonstrate the existence of genuine triable issues of fact through admissible evidence. (See *Alvarez, Zuckerman,* supra.). Should a plaintiff fail to meet its burden of proof, the motion must be denied, regardless of the sufficiency of opposing papers. (*Winegrad v. New York Univ. Med.*, 64 NY2d 851 [1985]; *Bourne* v. *Martin Dev. & Mgt., LLC* 219 AD 3d 684 [2d Dept., 2023]).

In moving for summary judgment to foreclose on a mortgage, a plaintiff establishes its prima facie entitlement to summary judgment by submitting the mortgage, the unpaid note and evidence of the default. (*Emigrant Bank* v. *Estate of Maurice Robinson* 202 AD 3d 755 [2d Dept., 2022]; *Deutsche Bank Natl. Trust Co.* v. *Finger* 195 AD 3d 789 [2d Dept., 2021]).

However, where standing and/or noncompliance with RPAPL §§§1303, 1304 and 1306 are placed in issue, as is in the present matter, the plaintiff must additionally prove 1) standing and 2) compliance with RPAPL §§§1303, 1304 and 1306 to meet its burden of proof for

4

entitlement to summary judgement.

STANDING

To establish standing, a plaintiff must demonstrate that at time the action was commenced it was either the holder or assignee of the underlying note and/or in physical possession of the note. (*Emigrant Bank*, supra; *Wells Fargo Bank N.A. v. Moussa* 201 AD3d 1010 [2d Dept., 2022]; *Bank of Am., N.A.* v. *Castillo* 227 AD 3d 760 [2d Dept., 2024]). Where the note is endorsed in blank, it is a bearer instrument and the person and/or entity who possesses the note will have legal authority to enforce that note. (UCC 3-204[2]). Should the endorsement not be on the note itself, the allonge must be firmly affixed to the note such that it becomes part of the note. (UCC 3-202[2]; *James Bank N.A.* v. *Guzzetti,* 202 AD 3d 841 (2d Dept., 2022]; *U.S. Bank Trust, N.A.* v. *Loring* 193 AD 3d 1101 [2d Dept., 2021]).

In the present matter, plaintiff submits a copy of the mortgage, the note endorsed in blank, including the one allonge affixed to said note, all of which are attached to its complaint and evidence of defendant's default. In support of its instant application, plaintiff submits, inter alia, the affidavit of Naomi Hernandez, a litigation specialist for Gregory Funding LLC., attorney in fact for the plaintiff and the business records of Gregory Funding LLC (Exhibits "A" to "L") annexed to said affidavit. Pursuant to her affidavit, Ms. Hernandez avers that she is responsible for the maintenance and review of foreclosure and loan specific documents, that Gregory Funding LLC. maintains the business records for the subject loan on behalf of plaintiff and that she is familiar with plaintiff's record keeping practices. Ms. Hernandez further avers that she is personally familiar with the types of records maintained by Gregory Funding LLC. on behalf of plaintiff as part of her job responsibilities and has personal knowledge of Gregory Funding's procedures for creating and maintaining these records. These records, as attested in her affidavit,

5

are made at the time of act, transaction or occurrence or event, or within a reasonable time thereafter by a person with knowledge and are made in the course of business activity conducted regularly by the Plaintiff. She further avers that these records include compilations, including the date certain original documents such as the original promissory note and allonge were received, electronic images of documents and other supplementary documentation. Ms. Hernandez attests that to the extent business records, such as transaction and payment histories were created by prior holders and/or servicers of the loan, such records have been integrated into Gregory Funding's business records and are relied upon and kept in the ordinary course of business conducted by Gregory Funding and that she has personal knowledge of the procedures for integrating such records.

Additionally, Ms. Hernandez avers that she has personal knowledge of the standard mailing practices of Gregory Funding and that it is the regular practice of Gregory Funding to mail 90-day notices by first-class mail and certified mail. Ms. Hernandez attests that theses notices are deposited with the United States Postal Service by an employee with the duty to do so and once the notices are mailed, a notation is made in the loan file regarding the mailings and that "copies of the notices and proof of mailings such as envelopes and mailing receipts are imaged into the loan file contemporaneously with the mailings or within a reasonable time thereafter". This information is entered by an employee with personal knowledge of the mailing, who is "under a duty to create the record accurately at the time of mailing...".

Pursuant to CPLR section 4518(a), an exception to the hearsay rule, business records will be admissible upon a proper foundation. The proponent for admission of business records must establish that the records are made in the regular course of business, it is in the regular course of business to make such a record and such record was made at/or near the time of the act, occurrence,

or event. 'It is the business record itself" that serve as proof of the matter asserted and "not the foundational affidavit". (*Bank of N.Y. Mellon* v. *Gordon*, 171 AD 3d 197 [2d Dept., 2019]; *Deutsche Bank Natl. Trust Co.* v. *Pirozzi* __AD3d___ [2d Dept., 2024], 2024 NY Slip Op 04304). The foundational affidavit must attach the actual business records proving the matter asserted otherwise the foundational affidavit is "conclusory" and "unsubstantiated" (*Wilmington Sav. Fund Socy, FSB* v. *Kutch*, 202 AD3d 1030 [2 Dept., 2022]; *City National Bank Association* v. *Foundry Development Group LLC.*, 160 AD3d 920 [2d Dept. 2018]; *Viviane Etienne Med. Care, P.C.* v. *Country Wide Ins. Co.*, 25 NY3d 498 [2015]). It is the affidavit of Ms. Hernandez which provides a proper foundation for admission of said business records.

Plaintiff's submission of the affidavit of Ms. Hernandez and the attached business records to her affidavit comport with all the requirements of CPLR 4518(a) for admission of the said business records, which includes inter alia, a copy of the original note and an allonge which refers to the original date of the loan, original amount of the loan and identifies the borrowers and is firmly affixed to said note as evidenced by a staple marking to the note.. (Exhibit "A" attached to said affidavit). Further, a review of said affidavit reveals that the note, endorsed in blank, containing "one allonge firmly affixed thereto" was physically delivered to plaintiff on October 20, 2020, (prior to the commencement of this action) and maintained by the plaintiff at the time of the commencement of this action. Based upon the evidence submitted plaintiff has established that at the time of the commencement of this action plaintiff was in possession of the note and the allonge was firmly affixed to the note, such that in became part of the note. (*LNV* v. *Allison* 206 AD3d 710 [2nd Dept.2022]). In the present matter, plaintiff and has met its burden of proof in demonstrating, prima facie, entitlement to summary judgment as a matter of law.

7

Having met its burden of proof, the burden of proof shifts to defendant Thomas to establish, prima facie that plaintiff has failed to establish standing or that a genuine issue of fact exists regarding standing. In opposition, counsel submits an affidavit of defendant Thomas who avers that she researched the "county records and was unable to find plaintiff's ownership of the note and mortgage". To be clear there is no requirement that a note be recorded. Additionally, contrary to defendant's affidavit, the mortgage with assignments was recorded in the Richmond County Clerk's Office as evident from the affidavit of Ms. Hernandez and the attached records to her affidavit, specifically Exhibits "B" "C", "G", "I"). Defendant's affidavit fails to demonstrate that plaintiff did not have possession of the note at the time of commencement of this action.

Additionally, defendant's counsel concedes the allonge annexed to the note contained staple markings. Any assertion by counsel that such markings "materially differ" from the staple markings on the note is purely conclusory, speculative and unpersuasive. As is counsel's contention the said allonge does not contain matching "hole punch marks" as on the note. Such "punch hole marks" are insignificant as same does not establish that an allonge was firmly affixed to the note and conflates the distinction between establishing an allonge "firmly affixed" by staple marking(s) to the note as opposed to being attached by a paper clip. The cases cited by counsel are distinguishable from the present matter as those either relate to the usage of a "paper clip" or the failure of the plaintiff to establish that the allonge was firmly affixed to the note. Here, defendant fails to meet her burden of proof, prima facie, that a genuine issue of fact exists as to standing.

RPAPL §1303

RPPL §1303 states in part:

8

[* 8]

"1. The foreclosing party in a mortgage foreclosure action, involving residential real property shall provide notice to:
(a) any mortgagor if the action relates to an owner-occupied one-to-four family dwelling; and...
(2). The notice to any mortgagor required by paragraph (a) of subdivision one of this section shall be delivered with the summons and complaint. Such notice shall be in bold, fourteen-point type and shall be printed on colored paper that is other than the color of the summons and complaint, and the title of the notice shall be in bold, twenty-point type. The notice shall be on its own page...."

In the present matter, plaintiff submits the affidavit of the process server who avers service, inter alia. of a "SUMMONS AND VERIFIED COMPLAINT; NOTICE OF PENDENCY; **RPAPL SECTION 1303 NOTICE TO HOMOWNER PRINTED ON A COLORED PAPER THAT IS OTHER THAN THE COLOR OF THE SUMMONS AND COMPLAINT...**" upon **RAVEN THOMAS at C/O JONATHAN KOREN, ESQ, 1605 VOORHIES AVENUE, THIRD FLOOR, BROOKLYN, NY 11235** (Emphasis added). Further, counsel submits a colored copy of said notice, a review of which by the Court, complies with RPAPL §1303 in all aspects including type size, font, style and information contained therein. As such, plaintiff has met its burden of proof in establishing that said notice complies with RPAPL§1303 and that said notice was served upon defendant Thomas. (See *HSBC Mtge. Corp. USA v.Tehrani __AD3d___[2d Dept. 2024]; 2024 NY Slip Op 04064; LNV Corp.* v. *Sofer* 171 AD3d 1033 *[2d Dept., 2019])*.

Having met its burden of proof, the burden shifts to the defendant.to demonstrate that a genuine issue of fact exists as to non-compliance with RPAPL §1303. In opposition, counsel submits the affidavit of defendant Thomas which concedes receipt of service of the summons and complaint but avers she "did not receive the RPAPL 1303 notice with the summons and complaint". It is well established that a bare, unsubstantiated denial of service of the RPAPL

1303 notice is insufficient to rebut the presumption of said service "created by the process server's affidavit" as well as insufficient to meet the burden of proof. (*HSBC Mtge. Corp., USA supra.; LNV Corp. supra.; U.S.Bank* v. *Marrero* 221 AD 3d 631 [2d Dept., 2023])) Here, defendant Thomas has failed to meet her burden of proof warranting entitlement to judgment as a matter of law dismissing the complaint based upon plaintiff's alleged failure to comply with the requirements of RPAPL 1303.

RPAPL §1304

Section 1304 of the RPAPL requires, *inter alia*, that a lender/assignee/servicer must send a ninety (90) day notice by registered mail and first-class mail to the borrower's last known address and to the subject premises as a condition precedent to commencing a foreclosure action. These notices are "considered given as of the date it is mailed". (See section 1304 of the RPAPL). The lender/assignee/servicer has the burden of proof in demonstrating strict compliance of section 1304 of the RPAP. (*Citibank N.A. v. Conti-Scheurer*, 172 AD3d 17 (2d Dept., 2019); *JP Morgan Case Bank, N.A. v. Deblinger*, 201 AD3d 900 (2d Dept., 2022). To establish strict compliance with said section, proof of mailing of the ninety (90) notice must be established by evidence in admissible form, to wit, 1) an affidavit of service, 2) a signed return receipt card for certified mailing or proof of standard office mailing procedure used to ensure that items are properly addressed and mailed to the borrower. (*Flagstar v. Mendoza*, 139 AD3d 898 [2d Dept., 2016]; *US Bank Trust, N.A.* v. *Miele* 186 AD3d 529 [2d Dept., 2020]). In the present matter, it is this third criteria which plaintiff relies upon to prove the requisite mailing of the ninety (90) day notices pursuant to section 1304 of the RPAPL. Additionally, RPAPL 1304(2) requires said notice contain a current list of at least five housing counseling agencies.

10

Initially, it must be noted that defendant does not dispute the mailing by plaintiff of the 90-day notice by certified mail. As it relates to the requirement of first class mailing of the 90-day notice to defendant Thomas, a review of the affidavit of Ms. Hernandez as previously outlined above, attests that she is personally familiar with the mailing practices of Gregory Funding LLC and details such mailing practices in her affidavit as noted above. Further, review of the records submitted by Gregory Funding demonstrate that 90-day notice properly addressed defendant Thomas, at the mortgaged premises, 11 South Avenue, Staten Island, New York 10303, was mailed to the defendant on February 8, 2022, by first class mail. These attached records contain a separate entry by an employee of Gregory Funding, Benjaman Schaub, that a 90-day notice was mailed to defendant Thomas, by first class mail on February 8, 2022 at the property address. (Exhibit "L" annexed to the affidavit of Ms. Hernandez).

Additionally, included in said notices was a list(s) provided by and available from the NYS Department of Finance for housing counseling services. A review of the list provided by the NYS Department of Finance for Richmond County and attached to plaintiff's 1304 notice contain four housing counseling agencies and the **additional** contact information for the NYS Office of the Attorney General's Homeowner's Protection Program (HOPP) including a toll-free telephone number and website for free **housing counseling services.**[1] (Exhibit "L").

Based upon the evidence submitted, plaintiff has met its burden of proof, prima facie, in establishing compliance with RPAPL 1304 warranting summary judgment.

---

[1]     It is noted that the list of housing services provided by the NYS Department of Financial Services for the entire State does not contain the required list of five housing counseling agencies for all 62 counties except for five counties.

11

Having met its burden of proof, the burden shifts to the defendant to proof, prima facie, that plaintiff failed to comply with RPAPL 1304. Here, defendant nor its counsel submit any evidence, in admissible form, other than conclusory statements and recitation of case law. Contrary to counsel's assertion, the affidavit of Ms. Hernandez as outlined above describes in **detail her personal knowledge** of the mailing procedures utilized by her employer, Gregory Funding, LLC as well as a review of the attached business records to her affidavit which evinces first-class mailing. While there is a rebuttable presumption of mailing, mere denial of receipt of notice pursuant to RPAPL§1304 is insufficient to rebut the presumption of mailing. (*Citibank, N.A.* v. *Conti-Scheurer* 172 AD3d 17 [2d Dept., 2019]; *HSBC Mtge. Corp., USA supra*). Moreover, to rebut the presumption of mailing, not only must a borrower deny receipt of the notices but must also address any deviations of any aspect of the mailing procedure which would "cast doubt whether the notice was properly addressed and mailed". (*Cit Bank. N.A.* v. *Schiffman*, 36 NY3d 550 [2021]). In the present matter, defendant fails to address any deviations of the mailing procedures that would cast doubt the 90-day notices were not properly addressed or properly mailed to the defendant.

Additionally, counsel contends that plaintiff did not provide the defendant with at least five housing counseling services pursuant to said statute. However, as previously noted, plaintiff provided the name, telephone number and website for a **fifth** housing counseling service, to wit, that of the NYS Homeowner Protection Program (HOPP) for free housing counseling services. Here defendant has failed to meet its burden of proof in establishing, prima facie, plaintiff failed to comply with RPAPL 1304.

RPAPL §1306

Section 1306 states in part:

12

[* 12]

> :2. Each filing delivered to the superintendent shall be on such form as the superintendent shall prescribe, and shall include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue. The superintendent may subsequently request such readily available information as may be reasonably necessary to facilitate a review of whether the borrower might benefit from counseling or other foreclosure prevention services….".

Here plaintiff submits a copy of the proof of filing from the NYS Department of Financial Services pursuant to RPAPL 1306, having been filed on the same day the date in which the 90-day notices were mailed to the defendant, to wit, February 8, 2022. It is noted that said proof of filing originates from NYS Department of Financial Services. A review of same reveals defendant's telephone number and loan number has been redated **by the NYS Department of Financial Services** and fails to establish that plaintiff did not provide such information to the NYS Department of Financial Services or that plaintiff failed to comply with 1306 of the RPAPL. To that end, the information submitted by plaintiff to the Department of Financial Services complies with the provisions of RPAPL 1306.

Having met its burden of proof on the issue of compliance with RPAPL 1306, the burden shifts to the defendant to demonstrate, prima facie, that plaintiff failed to comply with RPAPL. Defendant fails to submit any evidence in admissible form that plaintiff failed to provide her telephone number to the NYS Department of Financial Services. Defendant's conclusory statements as well as that of her counsel ignore the information contained in the proof of filing statement from the NYS Department of Financial Services. Nor does counsel's recitation of what the NYS Department of Financial Services does with the information reported to said agency establish that the plaintiff failed to comply with RPAPL 1306. To that end, defendant fails to meet her burden of proof.

13

[* 13]

DEFENDANT'S CROSS-MOTION FOR SUMARRY JUDGMENT

The Court has previously discussed the standard of proof required on a motion for summary judgment as discussed above.

In support of its cross-motion, Defendant Thomas' submissions and arguments put forth are identical to those which it proffered in opposition to plaintiff's motion for summary judgement. For the purposes of judicial economy, the Court will not repeat those same contentions and submissions by defendant Thomas as it is thoroughly familiar with such arguments. In addressing same, this court finds that the defendant fails to meet her initial burden of proof, prima facie, warranting entitlement to summary judgment dismissing plaintiff's action. Having failed to meet its burden of proof, defendant's motion must be denied, regardless of the sufficiency of opposing papers. (*Winegrad., supra., Bourne, supra.*).

The court has considered defendants other contentions as well and find them be unavailing.

Accordingly, it is hereby

ORDERED that plaintiff's motion (1) seeking summary judgment against defendant Thomas striking defendant's answer, affirmative defenses and counterclaims is granted, (2) seeking a default judgment against all non-appearing/non-answering defendants is granted (3) seeking to appoint a referee to compute amount due is granted and amending the caption pursuant to CPLR 3025(b) is granted and it is hereby

ORDERED that defendants motion seeking summary judgement pursuant to RPAPL §§§1303, 1304 and 1306 and upon standing dismissing plaintiff's action is denied and it is hereby

14

[* 14]

ORDERED plaintiff is directed to submit an Order of Reference to the court thirty days after service of Notice of Entry of the within order.

The foregoing constitutes the decision and order of this court.

ENTER,

Dated: ~~September~~ , 2024

OCT 2 3 2024

_____
Hon. Desmond A. Green, J.S.C.

15

[* 15]